1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Noble, a single woman, on behalf of herself and other similarly situated individuals<br><br>Plaintiff,<br><br>vs.<br><br>Blue House Catering, Inc., an Arizona Corporation; Ron Wassell and Jane Doe Wassell, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff alleges as follows:

### NATURE OF THE CASE

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4.      For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of allowing its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      For at least three (3) years prior to the filing of this action, Plaintiff worked at least twenty to thirty (20-30) hours in excess of forty (40) hours per week and was not paid time and a half.

6.      Plaintiffs and all similarly situated employees  seek to recover unpaid overtime compensation, regular wage compensation,  and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **JURISDICTION AND VENUE**

7.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.      The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

10.      At all times material hereto, Plaintiff is and continues to be residents of Maricopa County, Arizona.

11.      At all times material hereto, Blue House Catering, Inc. was incorporated in the State of Arizona and has its principal place of business at 7831 E. Wrightstown Rd. Ste. 113, Tucson, AZ 85715.

12.      At all relevant times, Plaintiff and all similarly situated employees were "employees" of Defendants, as defined by 29 U.S.C. §203(e)(1).

13.      The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants

14.      At all relevant times, Defendants were and continues to be an employer as defined in 29 U.S.C. § 203(d).

15.      At all times material to this action, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

16.        Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Ronald Wassell was and is the owner of Blue House Catering, Inc.

17.        Upon information and belief, at all times material hereto, Defendants Wassell, were and are residents of Maricopa County, Arizona.

18.        Jane Doe is the fictitious name of Ronald Wassell's wife. When her true name is ascertained this complaint will be amended. Ronald and Jane Doe Wassell have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

19.        On information and belief, Defendants Ronald Wassell is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant Blue House Catering, Inc, for all matters.

20.        At all times material to this action, Blue House Catering, Inc, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

21.        Upon information and belief, at all relevant times, the annual gross revenue of Jar Imports Corporation , exceeded $500,000.00

22.     The additional persons who may become Plaintiff s in this action "worked" for Blue House Catering, Inc, held similar positions as non-exempt employees as Plaintiff, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as

independent contractors.

23.     As required by 29 U.S.C. § 216(b), Plaintiffs' Consent to Become a Party

Plaintiff will be filed contemporaneously to this Complaint.

## FACTUAL BACKGROUND

24.     Plaintiff was hired by Defendants in May of 2011 as a non-exempt hourly paid

prep cook.

25.     Defendants specialized in catering events such as weddings and providing the

food and wait staff for such events.

26.     Plaintiff's main job responsibility was to prepare and cook food for catered

events.

27.     Plaintiff would also on occasion work on the hosting staff at events by serving

food to patrons.

28.     Plaintiff was paid a rate of $12.50 per hour.

29.     Plaintiff was a non-exempt employee.

30.     Plaintiff was not a manager.

31.     Plaintiff did not exercise discretion and independent judgment with respect to

matters of significance.

32.     From April 2011 through the present, Defendants failed to properly compensate

Plaintiff for his overtime hours.

33.     During this time, Plaintiff routinely worked in excess of 60 hours per week and

not be compensated at time and one half her hourly rate for hours above 40 in those weeks..

34.     During defendants' busier months of business; Plaintiff would work in excess of

1   75 hours per week and not be compensated at time and one half her hourly rate for hours above

2   40 in those weeks.

3          35.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates

4   and amounts required by the FLSA were/was willful.

5          36.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his

6   rights under the FLSA.

7          37.    From July of 2010 and continuing through the present, Defendants failed to

8   properly compensate Plaintiff and all similarly situated employees for any of their overtime

9

10  hours.   During this time, Plaintiffs and all similarly situated employees were regularly

11  scheduled to work approximately 50-75 hours per week.  Plaintiffs also routinely worked

12  additional shifts.

13         38.    Similarly situated individuals are all event staff who worked for Defendants

14  since July of 2010 and through the present.

15

16         39.    Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent

17  her in this litigation and have agreed to pay a reasonable fee for the services rendered in the

18  prosecution of this action on her behalf.

19         40.    Plaintiff seeks to represent all similarly situated employees to whom Defendant

20  refused to pay the overtime when due pursuant to 29 U.S.C. § 207.

21                                     **COUNT ONE**

22                 **<u>VIOLATION OF FAIR LABOR STANDARDS ACT §207</u>**

23         41.    Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set

24  forth herein.

25

42.     While employed at Blue House Catering, Plaintiff and all similarly situated employees consistently and regularly worked multiple hours of overtime a week.

43.     Defendants have intentionally failed and/or refused to pay Plaintiff and all similarly situated employees' overtime according to the provisions of the FLSA.

44.     Blue House Catering further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees  in accordance with § 207 of the FLSA.

45.     There are numerous similarly situated employees and former employees of Blue House Catering who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

46.     The similarly situated employees are approximately over 60 present and former employees who have the same job description as Plaintiffs and perform the same or similar job functions.

47.     Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Blue House Catering's records.  Specifically, all current employees and former employees of Defendant who have been employed with Blue House Catering would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

48.     As a result of Blue House Catering's violations of the FLSA, Plaintiff and all similarly situated employees have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

49.     Under 20 U.S.C. §216 Defendants are liable to Plaintiff and all similarly situated

employees  for an amount equal to one and one-half  times their regular pay rate for each hour of overtime worked per week.

50.    In addition to the amount of unpaid wages owed to Plaintiff and all similarly situated employees are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

51.    Blue House Catering's actions in failing to compensate Plaintiff and all similarly situated employees, in violation of the FLSA, were willful.

52.    Blue House Catering has not made a good faith effort to comply with the FLSA.

53.    Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.  Awarding Plaintiff and all similarly situated employees  overtime compensation in the amount due to him for all of Plaintiff and all similarly situated employees' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiff and all similarly situated employees 's regular rate while at work at Defendant Blue House Catering;

    b.  Awarding Plaintiff and all similarly situated employees  liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiff and all similarly situated employees  reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff's and all similarly situated employees ' costs incurred in this action;

e.  Awarding Plaintiff and all similarly situated employees  pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff and all similarly situated employees  post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## <u>DECLARATORY JUDGMENT</u>

54.    Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

55.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

56.    The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

57.    Plaintiff may obtain declaratory relief.

58.    Defendant employed Plaintiff.

59.     Defendant is an enterprise covered by the FLSA.

60.     Plaintiff is individually covered by the FLSA.

61.     On certain occasions, Plaintiffs was not compensated at a rate of at least minimum wage for work performed for Defendants.

62.     Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

63.     Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

64.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

65.     Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

66.     It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

67.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

        a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

b.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

c.  For Plaintiff's costs incurred in this action.

d.  Awarding Plaintiff's  reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  For such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees  hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.


Dated:  July 17th, 2013                    Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

_____/s/ Trey  Dayes_____
Trey Dayes
treyd@phillipslaw.com
Attorney for Plaintiff